# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | | |
|---|---|---|
| Alpha Janitorial Services, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 9:07-3254-CWH |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| GCA Services Group, Inc., Charles Spencer, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On July 17, 2008, the Court held a hearing on the parties' cross motions for summary judgment. In its motion for summary judgment and at the hearing, the plaintiff argued that it had not been paid in accordance with the terms of the parties' agreement. The defendants argued that the plaintiff failed to raise this claim in its complaint and amended complaint. Therefore, the defendants were not given notice of this claim until the plaintiff moved for summary judgment.

The Rules of Civil Procedure set a liberal standard of notice pleading. Fed. R. Civ. P. 8. Notice pleading rests on the principle that the defendants should have fair notice of what the plaintiff's claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a).

Neither the complaint nor the amended complaint allege that the defendants failed to pay the plaintiff in accordance with the contract. The liberal standard of notice pleading cannot save

the plaintiff's claim for improper payment.  The plaintiff's pleadings have not given the defendant fair and adequate notice of the plaintiff's claim of improper payment.

The plaintiff's original complaint alleged that the defendants were not entitled to terminate the parties' contract without 30 days notice.  In addition, the plaintiff alleged that the defendants intentionally interfered with the plaintiff's contractual relationship with its employees.  On October 2, 2007, the plaintiff amended its complaint to add a demand for injunctive relief and claims of civil conspiracy, violations of the South Carolina Unfair Trade Practices Act, and breach of contract by fraudulent acts.  The plaintiff bases these additional claims on its allegations concerning the defendant's interference with its employees and the contract's provision for 30 days notice of termination.  At trial, the plaintiff will be limited to the allegations in the amended complaint.

Based on the reasons discussed at the hearing, the parties' motions for summary judgment are denied.

**AND IT IS SO ORDERED.**

_____

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

July 24, 2008
Charleston, South Carolina